SAMUEL S. MARCUS et al., Copartners Doing Business as MACHINE SHOP COMPANY, Plaintiffs, *v.* IRVING BRODSKY et al., Doing Business as WESTFIELD ASSOCIATES et al., Defendants.

Supreme Court, Special Term, New York County, November 28, 1949.

*Joseph Calderon* for plaintiffs.

*Count & Picket* for Irving Brodsky and others, doing business as Westfield Associates, defendants.

*Morway Picket* for Real Typographers, Inc., and another, defendants.

*Abraham Wilk* for William M. Perry, Inc., defendant.

*Irving Pepperbloom* for Pamodes, Inc., defendant.

HOFSTADTER, J. Plaintiffs' case rests upon their contention that since the description contained in the sublease did not comprise the whole area of room 716, they continued in possession of the remainder thereof and were entitled to be continued in possession of the entire premises as statutory tenants after the expiration of their lease on January 31, 1948. But it becomes readily apparent that the plaintiffs' position is untenable — it is not sustained in the record.

Nothing in the sublease disclosed that the plaintiffs intended to withhold for their own use any of the space. The description, in and of itself, did not suggest an intent to demise less than the room in its entirety. The use of the room required the use of the entrance alcove — otherwise it would not have been available as a separate unit. The instrument is devoid of any language indicating where the claimed space is located. An examination of the premises or the floor plan would not have apprised the parties affected of an intention by the plaintiffs to carve out and retain a portion of the subject space. No line of demarcation was ever fixed upon by any of the affected parties and no partition wall was ever erected.

Mr. Marcus visited room 716 on only two occasions after September 15, 1946, when he discontinued his subscription for telephone service and notified the electric company to send him a final bill for electric service. The locks on the door were changed and Holmes Protective System installed by the subtenant. Mr. Marcus advertised his machinery for sale, sold it, and announced that he was completely liquidated. The Perry Company purchased plaintiffs' partitions, desk and lighting fixtures. From then on Mr. Marcus conducted whatever business he had from his home. And it was established that in truth plaintiffs had no business which required the physical use and occupancy of any space at the 39th Street premises during the decisive period. (I have not overlooked plaintiffs' endeavor — in October of 1947 — to regain a foothold in room 716. Without any extended treatment of the rather equivocal circumstances attendant upon such effort, it is sufficient to say that it was abortive, and that it could not have availed them.)

In brief summary then, I am not persuaded that plaintiffs intended to reserve any space and I am convinced that no one else was aware of such intention, if there was any. Such a unilateral reservation — of negligible and undefined space —

could hardly afford a basis for a significant jural result. And even if the reservation had been a matter of mutual agreement, not having been followed by actual possession and active use, it could not have invested the plaintiffs with the protection of the statute.

The emergency rent control statutes were designed to protect tenants conducting business and their protection is withheld from the tenant who sublets all of the demised space and reserves none for the active conduct of his business at the premises. The cases are clear and compelling that the protection of the statute will be afforded only to those requiring the use of the demised premises, or a *substantial* portion (*WMCA, Inc.*, v. *Blockfront Realty Corp.*, 272 App. Div. 800; *White-Way Arcade* v. *Broadway Turtle King,* 273 App. Div. 281).

In *207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.* (274 App. Div. 1051) it was said: " In this proceeding by a landlord to recover possession of commercial space leased to the tenant for manufacturing purposes, it appears that the tenant has vacated the premises except for a negligible storage use, and removed its manufacturing operations to another location. The tenant has refused to deliver possession to the landlord, however, and insists upon the privilege of holding the space as a statutory tenant, apparently believing there is some speculative advantage in maintaining its hold upon the premises. We have said that the emergency rent laws were not enacted for the benefit of persons merely in constructive possession of rental space in commercial buildings."

Defendants' motions to strike out exhibits and testimony are denied with exceptions.

Complaint dismissed and judgment for the defendants.

The foregoing constitutes the decision of the court; further findings and conclusions are dispensed with. Settle judgment accordingly.